By the Court,

Savage, Ch. J.
The statute giving this court power to stay waste is as follows : “ After the commencement of any action for the recovery of land, or for the recovery of the possession of land, the defendant shall not make any waste of the land in demand, pending the suit; and if such defendant shall commit waste, the court in which the suit is *pending shall have power, on the application of the plaintiff, to make an order restraining -the defendant from the commission of any further waste thereon. The court making such order, shall have the same power to attach and commit the defendant for any violation thereof, that is possessed by the court of chancery upon the violation of an injunction to stay waste, issued by that court.” 2 R. S. 336, § 18, 19. The effect of this statute is to give this court the same power to restrain and prevent waste, which is exercised by the court of chancery. It was said by Mr. Justice Van Ness in Jackson v. Brownson, 7 Johns. R. 232, that it is a general principle that the law considers every thing to be waste, which does a permanent injury to the inheritance. Where the value of the land consists principally in hemlock timber growing upon it, the act of cutting such timber and peeling the bark, when such cutting is not necessary and proper for the purpose of cultivation, is waste. The affidavit upon which the order in this case to stay waste was granted, states that the value of the premises consists almost exclusively in hemlock timber, growing thereon, and that when it is removed, the premises will be of little or no value. As such motions are permitted from necessity to be made ex parte, there was sufficient shown to authorize an order restraining the defendant from the commission of any further waste. The order entered in this case restrained and prohibited the defendants from committing any waste upon the premises, by cutting down or carrying away, any of the timber or bark growing, lying, or being upon the premises or any part thereof.
The affidavit upon which the attachment was moved for, stated that previous to the. commencement of the suit, there were about 50 cords of bark peeled upon the premises, and that since the service of the order, the same bark had been removed by the defendants. This proceeding was also ex parte, and the attachment was granted. Upon the facts presented in this affidavit, an attachment should have been refused, according to the principles and practice adopted in the court of chancery. The case of Watson v. Hunter & McClery, 5 Ch. R. 169, is very analogous. There the defendants had *a lease for four years ; the principal value of the land consisted in pine *164 timber growing thereon. The defendants were cutting the timber and had already cut large quantities, and were sawing it at their mills. The bill prayed an injunction restraining the defendants from cutting any more timber, or from removing that already cut down. The chancellor granted the injunction to restrain the defendants from cutting timber standing or growing, but refused it as to the timber already cut. The reason for the distinction was, that the timber when cut ceases to be part of the realty; it becomes personal property, and trover will lie for it. That was an action by lessor against lessee, and an action of trover might have been brought at any time after the removal of the timber. By the severance from the freehold, it became the personal property of the owner Of the freehold ; the lessee became a trespasser, and an action might have been brought. In that respect, that case was different from this ; here an action of ejectment is brought against persons in possession, claiming to be the owners. The plaintiff cannot bring trespass or trover for this bark until he recovers possession of the land ; but in the event of such recovery, an action lies.
In the case cited, the chancellor remarks that the practice of granting injunctions in cases of waste, was to prevent or stay the future commission of waste ; and the remedy for waste already committed was merely incidental, and to save resort to an action of trover at law. This court has no such ground for interference for waste already committed. Waste can be committed upon real estate only, and this court can only restrain future waste. The bark which was peeled upon the premises was not real, but personal estate ; prima facie it was the personal estate of the occupants of the land, they being presumed to be the owners, being in possession and claiming to be the owners ; but whether it shall ultimately prove to be the personal property of the plaintiff or the defendants, the removing it is not, legally speaking, waste ; much less is it a violation of an order which this court was authorized to make, to restrain the commission of any further waste, which ex vi termini means waste to be committed after the service of the order. The waste, if any, properly speaking, was committed before the suit *was commenced. This court cannot try the title to the bark already severed from the realty, upon a motion for an attachment, or in any way except in a proper action. The order for the attachment was ex parte, and taken at the peril of the party applying for it; and having been advisedly made, it must be vacated. In point of form, the plaintiff proceeded regularly in his application for the order to stay waste. These applications are allowed to be made ex parte, 3 Wendell, 428, in order to prevent a permanent injury being done to the estate—the subject of controversy. Were notice required, the defendant would have at least eight days in which he might commit waste with impunity, should he be irresponsible. Besides, if there is no real cause for the application, the court on motion will vacate the rule; so that the defendant is in no danger of sustaining an injury from want of notice : but the plaintiff might suffer serious loss, if notice should be required to be given.
The attachment, however, ought not to have been granted ; but, from any thing appearing upon the papers before the court, we are not justified in deciding that the conduct of the plaintiff has been oppressive. It will be proper, therefore, to direct a rule to set aside the order granting the attachment and all subsequent proceedings, with costs, upon the defendant’s stipulating not to prosecute for false imprisonment.

 On the motion to he discharged from imprisonment, it appeared that the attachment was obtained on an ex parte application, and that the defendants were committed, and not allowed to give bail for their appearance at the return of the process. Mr. Justice Sutherland, in deciding the motion, said that it was manifest from all the provisions of the statute, that parties circumstanced like the defendants, should either have been brought into court by a rule to show cause, or have been permitted to give bond for their appearance at the return of the attachment, and he accordingly ordered the defendants to be discharged from imprisonment on entering into a bond, in the penal sum of SlOO to appear and answer at the return of the attachment, and directed the plaintiff to pay the costs of the motion.